**NOT FOR PUBLICATION**

```
                UNITED STATES DISTRICT COURT
                   DISTRICT OF NEW JERSEY
                                    :
RAKELI STAFFORD,                    :  CIVIL ACTION NO. 11-6653 (MLC)
                                    :
        Plaintiff,                  :       O P I N I O N
                                    :
        v.                          :
                                    :
NATIONAL UNION FIRE INSURANCE       :
COMPANY OF PITTSBURGH, PA,          :
et al.,                             :
                                    :
        Defendants.                 :
                                    :
```

  **THE PLAINTIFF HEREIN**, who is a New Jersey citizen, brought an action in state court under an assumed name to recover damages for personal injuries against, among others, the Ewing Township Board of Education ("BOE") in 2009 ("Tort Action"). (Dkt. entry no. 1, Rmv. Not. at 3.) The Tort Action was removed to federal court based on claims asserted against the BOE under 42 U.S.C. § 1983, which were in addition to claims asserted under state law. See Jones v. Ewing School District ("Tort Action"), No. 09-3536 (D.N.J.), dkt. entry no. 1, Rmv. Not., Ex. A, Compl.

  **THE PLAINTIFF** then advised the district court assigned to the Tort Action ("Tort Action District Court") that the plaintiff and the BOE had "reached a settlement". See Tort Action, dkt. entry no. 123, 3-15-11 Letter. The Tort Action District Court did not enter an order memorializing — or retaining jurisdiction to the extent necessary to enforce — the terms and conditions of the settlement. Rather, the Tort Action District Court entered an

order on March 21, 2011, directing the plaintiff to proceed in state court.  See Tort Action, dkt. entry no. 124, 3-21-11 Order.[1]  A review of the electronic docket for the New Jersey Superior Court reveals that the plaintiff indeed proceeded with the remaining claims from the Tort Action in state court on March 31, 2011, and that the Tort Action is active.  See Jones v. Stouts Bus Service Inc., No. L-11-883 (N.J. Super. Ct., Mercer Cnty.).

**THE PLAINTIFF** and the BOE did not formalize the settlement until sometime after the Tort Action District Court relinquished jurisdiction.  The plaintiff "entered into a Settlement Agreement with the [BOE] in or around April 2011 concerning the [Tort Action], wherein the [BOE] assigned any and all rights [it] had, with respect to insurance coverage under [certain insurance] policies in place during the pertinent time period, to Plaintiff".  (Rmv. Not., Ex. A, Compl. at 5.)  Furthermore, "[o]n or about May 4, 2011, a Settlement Agreement, General Release, and Consent Judgment was executed on behalf of the [BOE]".  Id.  Where the "Consent Judgment" was entered is unclear, but it was not entered on the docket for the Tort Action District Court.

---

[1] The Tort Action District Court "dismiss[ed] the Complaint" and ordered "that the statute of limitations . . . shall be tolled for a period of 30 days pursuant to 28 U.S.C. § 1367(d) to permit Plaintiff to file [the remaining] claims . . . in state court".  3-21-11 Order.  But the Tort Action District Court should have (1) dismissed the Complaint insofar as it concerned the settled claims, and (2) remanded the Tort Action insofar as it concerned any remaining claims to state court.

**THE PLAINTIFF** then brought another action ("Declaratory Judgment Action") in state court against the insurers ("Insurers") providing the aforementioned insurance coverage to the BOE in the Tort Action. (Compl.) The plaintiff asserts that: (1) the Insurers "provided, during the pertinent time period, liability insurance to the [BOE]" to cover the claims at issue in the Tort Action; (2) the BOE "assigned any and all rights they had, with respect to insurance coverage under [the Insurers'] policies in place during the pertinent time period, to Plaintiff"; (3) "Plaintiff seeks recovery of that settlement amount from [the Insurers]"; and (4) the Insurers "were obligated to provide a defense and indemnification . . . for any losses the [BOE] incurred in connection with the [Tort Action]". (Id. at 2, 5, 7.) The Insurers have removed the Declaratory Judgment Action from state court to federal court pursuant to 28 U.S.C. § ("Section") 1332. (Rmv. Not. at 2-4.)[2]

**THE INSURERS** (1) could be named in the Tort Action as defendants, as third-party defendants, or in some other capacity, and (2) if so named, could assert cross-claims for contribution against the other defendants. A determination as to any claim in

---

[2] This Court notes that subject matter jurisdiction does not exist here simply because the Tort Action was once in federal court. See Sawka v. Healtheast, Inc., 989 F.2d 138, 141 (3d Cir. 1993) (stating district court does not necessarily have authority to enforce a settlement agreement when district court dismisses a complaint without retaining jurisdiction).

the Declaratory Judgment Action would necessarily affect — and thus interfere with — the Tort Action.  As a result, this Court must abstain from adjudicating the Declaratory Judgment Action. See Wilton v. Seven Falls Co., 515 U.S. 277, 280-90 (1995) (upholding Brillhart v. Excess Ins. Co., 316 U.S. 491 (1942)); see also Atl. Mut. Ins. Co. v. Gula, 84 Fed.Appx. 173, 174-75 (3d Cir. 2003) (affirming judgment dismissing complaint for, inter alia, reasons discussed above); Nationwide Mut. Ins. Co. v. Lowe, 95 F.Supp.2d 274, 276-77 (E.D. Pa. 2000) (abstaining in federal action even though insurer not named in state action, because deciding insurance-coverage issue raised in federal action would affect — and thus interfere with — related state action).

**THE DECLARATORY JUDGMENT ACTION** (1) is, as the Court's shorthand reference suggests, a declaratory-judgment action involving insurance-coverage issues, (2) concerns issues that will be raised in the Tort Action, and (3) could be adjudicated by the same judge overseeing the Tort Action, as the Tort Action and the Declaratory Judgment Action were initiated in the same state court.  As a result, the Declaratory Judgment Action should be remanded.  See Williams v. State Auto Prop. & Cas. Ins. Co., No. 08-4983, 2009 WL 1119502, at *2-3 (E.D. Pa. Apr. 24, 2009) (remanding action concerning insurance coverage, and noting "the possibility of interfering with the state court cases regarding the same matter is substantial" because the conduct of certain

4

parties would need to be addressed in both the related state tort action and the removed declaratory-judgment action); Del Suppo, Inc. v. Nautilus Ins. Co., No. 07-952, 2007 WL 2345287, at *2-3 (W.D. Pa. Aug. 16, 2007) (declining jurisdiction and remanding action where insurer removed insured's action seeking indemnification for a related state court action).[3]

**THE COURT**, in view of the pending Tort Action, must "promote judicial economy by avoiding duplicative and piecemeal litigation". State Auto Ins. Cos. v. Summy, 234 F.3d 131, 135 (3d Cir. 2001). It appears that the Insurers' desire to proceed in federal court "has no special call on the federal forum". Id. at 136. For good cause appearing, the Court will issue an appropriate order and judgment.

        s/ Mary L. Cooper
        **MARY L. COOPER**
        United States District Judge

Dated:  November 28, 2011

---

[3] The Court notes that the BOE should have been named in the Declaratory Judgment Action. See N.J.S.A. § 2A:16-56 (stating that when declaratory relief is sought, all those having an interest that would be affected by the declaration must be made parties to the proceeding). The interests of the BOE would certainly be affected if the Insurers were able to avoid providing coverage. Also, jurisdiction under Section 1332 would be lacking if the BOE were listed as a defendant.